IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

APR 15 2005

Michael N. Milby, Clerk of Court
By Deputy Clerk

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| v. | § | CRIMINAL Action B-99-221-01 |
| | § | |
| **BILLY TREVINO,** | § | |

## ORDER

BE IT REMEMBERED that on April 14, 2005, the Court *sua sponte* considered its subject matter jurisdiction over the scheduled revocation hearing in this case.

Recently, the United States Court of Appeals for the Ninth Circuit, in United States v. Vargas-Amaya, 389 F.3d 901 (9th Cir. 2004), held that "a district court's jurisdiction to revoke supervised release can be extended beyond the term of supervision under [18 U.S.C. ] § 3583(i), based upon a warrant issued during the term of supervision, only if the warrant was issued 'upon probable cause, supported by Oath or affirmation,' as required by the Fourth Amendment [of the United States Constitution]." Id. at 907.

In the present case, the defendant was sentenced to three years of supervised release. During the three year period, the defendant violated the terms of his release. A warrant was issued, but the defendant was not arrested until after his term of supervised release had lapsed. Importantly, the application for the warrant presented to this Court did not contain an "Oath or affirmation." Accordingly, the Court lacks subject matter jurisdiction to revoke Defendant's supervised release and **dismisses** the charges of violation of the terms of supervised release against the Defendant. The revocation hearing set before this Court on April 14, 2005, is hereby **CANCELLED**. The warranty detention is recalled.

DONE at Brownsville, Texas, this 14th day of April, 2005.

Hilda G. Tagle
United States District Judge

1